IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**JERRY PEREZ, Individually and on**                                         **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.                                       No. 5:21-cv-13

**EXPRESS PICKUP & DELIVERY**                                            **DEFENDANT**
**TRANSPORT SERVICES, INC.**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Jerry Perez ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorney Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint—Collective Action ("Complaint") against Defendants Express Pickup & Delivery Transport Services, Inc., ("Defendant"), he does hereby state and allege as follows:

### I.   PRELIMINARY STATEMENTS

1. This is a collective action brought by Plaintiff, individually and on behalf of all others similarly situated, against Defendant for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees as a result of Defendant's failure to pay Plaintiff and other similarly situated employees proper overtime compensation for all hours that he and they worked in excess of forty per week.

## II. JURISDICTION AND VENUE

2. The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

3. Defendant conducts business within the State of Texas, operating and managing a delivery service.

4. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Texas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Texas.

5. Defendant employed Plaintiff in Bexar County. Therefore, the acts complained of herein were committed and had their principal effect against Plaintiff within the San Antonio Division of the Western District of Texas, and venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

6. Plaintiff is an individual and resident of Bexar County.

7. Defendant is a domestic, for-profit corporation.

8. Defendant's registered agent for service of process is Rod Renfro, at 5635 Southern Knoll, San Antonio, Texas 78261.

## IV. FACTUAL ALLEGATIONS

9. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

10. Defendant has at least two employees that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, such as vehicles and fuel.

11. Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

12. Defendant operates a contracting delivery service for FedEx to deliver packages.

13. At all relevant times herein, Defendant was an "employer" of Plaintiff within the meaning of the FLSA.

14. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA.

15. Plaintiff worked for Defendant as a Delivery Driver from December of 2019 until August of 2020, and as a Supervisor from August of 2020 until December of 2020.

16. As a Supervisor, Plaintiff performed the duties of a Delivery Driver approximately half the time.

17. Defendant also employed other Delivery Drivers within the three years preceding the filing of this lawsuit.

18. Throughout Plaintiff's employment with Defendant, Defendant paid him a day rate.

19. Defendant also paid other Delivery Drivers a day rate.

20. At all relevant times herein, Defendant directly hired Plaintiff and other Delivery Drivers to work on its behalf, paid them wages and benefits, controlled their

work schedule, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

21. Defendant paid Plaintiff $130.00 per day at the beginning of his employment, with occasional raises through his tenure. By the end of his employment, Defendant paid Plaintiff $170.00 per day.

22. Plaintiff was paid a flat day rate regardless of how many hours he worked in a day.

23. Other Delivery Drivers were paid the same or similar rates as Plaintiff.

24. Plaintiff regularly worked more than forty hours per week.

25. Plaintiff estimates he worked approximately nine hours per day, six days per week.

26. Other Delivery Drivers had similar schedules as Plaintiff.

27. Defendant did not pay Plaintiff and other Delivery Drivers an overtime premium for hours worked over forty per week.

28. Plaintiff and other Delivery Drivers were not paid for days they did not work. In other words, their pay was docked when they worked fewer hours.

29. At all relevant times herein, Defendant has deprived Plaintiff and other Delivery Drivers of proper overtime compensation for all the hours worked over forty per week.

30. Defendant knew or showed reckless disregard for whether their actions violated the FLSA.

## V.     REPRESENTATIVE ACTION ALLEGATIONS

31. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

32. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated as Delivery Drivers who were, are, or will be employed by Defendants within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

A. Overtime premiums for all hours worked over forty in any week;

B. Liquidated damages; and

C. Attorneys' fees and costs.

33. Plaintiff proposes the following class under the FLSA:

**All Delivery Drivers who worked over forty hours in any week within the past three years.**

34. In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

35. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

36. The members of the proposed FLSA class are similarly situated in that they share these traits:

A. They were paid a day rate;

B.     They were subject to Defendant's common policy of failing to pay them an overtime premium for hours worked over forty in a week; and

C.     They had the same or substantially similar job duties and responsibilities.

37.     Plaintiff is unable to state the exact number of the class but believes that the class exceeds thirty persons.

38.     Defendant can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendant.

39.     The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendant.

40.     The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant.

## VI.   FIRST CAUSE OF ACTION
### (Individual Claim for Violation of the FLSA)

41.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

42.     Plaintiff asserts these claims for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

43.     At all relevant times, Defendant has been Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

44.     At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

45.     29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay

1.5x regular wages for all hours worked over 40 each week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

46. Defendant misclassified Plaintiff as exempt from the overtime requirements of the FLSA.

47. Despite the entitlement of Plaintiff to overtime payments under the FLSA, Defendant failed to pay Plaintiff an overtime rate of 1.5x his regular rate of pay for all hours worked over 40 each week.

48. Defendant knew or should have known that its actions violated the FLSA.

49. Defendant's conduct and practices, as described above, were willful.

50. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorneys' fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

51. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

52. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, he is entitled to an award of prejudgment interest at the applicable legal rate.

## VII. SECOND CAUSE OF ACTION
### (Collective Action Claim for Violation of the FLSA)

53. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

54. Plaintiff asserts this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

55. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

56. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x regular wages for all hours worked over 40 each week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

57. Defendant misclassified Plaintiff and other similarly situated employees as exempt from the overtime provisions of the FLSA.

58. Despite the entitlement of Plaintiff and other similarly situated employees to overtime payments under the FLSA, Defendant failed to pay Plaintiff and similarly situated employees 1.5x their regular rate for all hours worked in excess of 40 per week.

59. Defendant knew or should have known that its actions violated the FLSA.

60. Defendant's conduct and practices, as described above, were willful.

61. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all similarly situated employees for monetary damages, liquidated damages and costs, including reasonable attorneys' fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

62. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff and similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

63. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff and the collective members as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Jerry Perez respectfully prays as follows:

A. That Defendant be summoned to appear and answer this Complaint;

B. A declaratory judgment that Defendant's practices alleged herein violate the FLSA and its related regulations;

C. Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

D. Judgment for damages for all unpaid overtime wage compensation owed under the FLSA and its related regulations;

E. Judgment for liquidated damages pursuant to the FLSA and its related regulations;

F. An order directing Defendants to pay Plaintiff and all other similarly situated prejudgment interest, a reasonable attorney's fee and all costs connected with this action; and

G. Such other and further relief as this Court may deem just and proper.

    Respectfully submitted,

    **PLAINTIFF JERRY PEREZ**

    SANFORD LAW FIRM, PLLC
    Kirkpatrick Plaza
    10800 Financial Centre Pkwy, Suite 510
    Little Rock, Arkansas 72211
    Telephone: (501) 221-0088
    Facsimile: (888) 787-2040

    */s/ Josh Sanford*
    Josh Sanford
    Tex. Bar No. 24077858
    josh@sanfordlawfirm.com